1 | LAW OFFICES OF MARK J. WERKSMAN
MARK M. HATHAWAY, ESQ. (CA Bar No. 151332,
2 | NY Bar No. 2431682, DC Bar No. 437335)
     888 West Sixth Street, Fourth Floor
3 |   Los Angeles, California  90017
     Telephone: (213) 688-0460
4 |   Facsimile: (213) 624-1942
     E-mail: mhathaway@werksmanlaw.com
5 |
Attorneys for Plaintiff
6 | Graham J. Hooper

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 | GRAHAM J. HOOPER, an individual ) Case No. SACV13-165-AG
                                    )                (JPRx)
12 |          Plaintiff              ) COMPLAINT FOR
   | v.                             )
13 |                                ) (1) CYBERPIRACY
   | CHRISTINE R. KELLEY, an        )       (15 U.S.C. § 8131)
14 | individual, and DOES 1-10,     ) (2) CYBERSQUATTING
   | inclusive,                     )       (15 U.S.C. § 1125(d))
15 |                                ) (3) Invasion of Privacy -
   |          Defendants.           )       False Light
16 |                                )
   |                                )
17 | _____   )

18       Plaintiff Graham J. Hooper ("Hooper") alleges as follows:

19                          JURISDICTION

20       1.    This is a civil action brought under the cyberpiracy

21  protections for individuals afforded by 15 U.S.C. § 8131(1)(A),

22  the protections of the Anticybersquatting Consumer Protection Act

23  ("ACPA") enumerated in 15 U.S.C. § 1125(d), and for common law

24  Invasion of Privacy through publicity placing person in false

25  light in public eye.

26       2.    This Court has subject matter jurisdiction over the

27  cyberpiracy and anticybersquatting claims pursuant to 28 U.S.C. §§

28  1331, 1332, and 1338 and supplemental jurisdiction over the

1 | invasion of privacy claim pursuant to 28 U.S.C. § 1367(a).

2 |      3.    Venue in this district is proper under 28 U.S.C. §

3 | 1391(b).

4 | PARTIES

5 |      4.    Plaintiff Graham J. Hooper is an individual who is a

6 | resident of Sunset Beach, California, and is employed as an

7 | executive officer with a private technologies company located in

8 | Santa Fe Springs, California, which provides advanced machine

9 | tools to North American metal-cutting manufacturers and their

10 | global affiliates.  Plaintiff Hooper had a personal relationship

11 | with defendant Christine R. Kelley that ended in or around March

12 | 2010.

13 |      5.    Defendant Christine R. Kelley ("Kelley") is an

14 | individual residing in Los Angeles, County of Los Angeles, State

15 | of California, is self-employed as a freelance film producer,

16 | director, and screen writer, and is the registrant for the

17 | following Infringing Domain Names:

18 |      \<grahamhooper.com\>

19 |      \<graham-hooper.com\>

20 |      \<grahamhooperellison.com\>

21 |      \<grahamhoopersunsetbeach.com\>

22 |      \<graham-hooper-sunset-beach.com\>

23 |      (hereinafter referred to as "Infringing Domain Names")

24 |      6.    The true names and capacities of defendants sued herein

25 | as Does 1 through 10, inclusive, are unknown to Plaintiff, who

26 | therefore sues these defendants by such fictitious names.

27 | Plaintiff will seek to amend this Complaint and include the true

28 | names of these Doe defendants when they are ascertained (referred

2

1    to collectively as "defendants".)

2                     DEFENDANTS' UNLAWFUL CONDUCT

3        1.    Plaintiff Hooper has protectable common law rights in

4    his given name, which is a protected mark pursuant to both 15

5    U.S.C. § 1125(d)(1)(A) and 15 U.S.C. § 8131(1)(A).

6        2.    Defendant Kelley is the domain registrant of the

7    Infringing Domain Names, which precisely track the spelling of

8    Plaintiff's first and last names, or include his first and last

9    names followed by other words, including "Ellison" (Plaintiff's

10   employer) or "Sunset Beach" (Plaintiff's city of residence).

11       3.    In early 2012, defendant Kelly escalated a pattern of

12   harassment of Hooper through emails, telephone calls, text

13   messages, and personal visits that alternated between professions

14   of love for Plaintiff, accusations of bad faith, lies, and

15   emotional battery, demands to see Plaintiff, accusing Plaintiff of

16   tampering with her car to kill her, threatening to damage

17   Plaintiff's business reputation, and bizarre behavior like

18   smearing dog excrement on the door of Plaintiff's home.

19       4.    On or about April 22, 2012, defendant Kelley registered

20   the Infringing Domain Name <grahamhooper.com> with the domain name

21   registrar Network Solutions. Defendant then published on a website

22   accessible through <grahamhooper.com> the false claim that

23   Plaintiff was a subject of and appeared on the syndicated

24   television show "Cheaters."  Defendants also publically posted

25   private emails and text messages between Defendant and Plaintiff

26   from the time of their personal relationship.

27       5.    On or about April 25, 2012, defendant Kelley sent an

28   email to Plaintiff explaining that she had registered the

                                   3

Infringing Domain Name <grahamhooper.com> and offered to remove the website and not make new postings if Plaintiff paid her the sum of $10,000.

6.   On May 2, 2012, believing he had no other option, plaintiff Hooper paid the $10,000 demanded by defendant Kelley with a cashiers check.

7.   After receiving the $10,000 payment, defendant Kelley did not remove the offending material as promised, but rather continued to maintain her smear campaign against Plaintiff.

8.   On May 6, 2012, defendant Kelly registered the remaining Infringing Domain Names (<graham-hooper.com>, <grahamhooperellison.com>, <grahamhoopersunsetbeach.com> , <graham-hooper-sunset-beach.com>) and parked these Infringing Domain Names with domain name registrar GoDaddy.com.

9.   Plaintiff Hooper never authorized defendant Kelley to use or register the Infringing Domain Names nor did Plaintiff ever authorize defendant Kelley to use his legal name, Graham Hooper, in any way, shape, or form.

10.   On or about May 7, 2012, plaintiff Hooper filed for and obtained a civil temporary restraining order ("TRO") in Orange County Superior Court in an attempt to halt further contact from defendant Kelley. Defendant Kelley successfully evaded personal service of the temporary restraining order for a period of alomost two months and the TRO expired.

11.   On or about June 21, 2012, defendant Kelley wrote to Plaintiff, "I can assure you as long as Ms. Motroni [Plaintiff's lawyer] is involved nothing short of a $500,000 investment in my production company will ever take these posts off the web."  The

4

1 plain meaning of defendant Kelley's written communication is that

2 Plaintiff must pay the further sum of $500,000 to obtain control

3 of the Infringing Domain Names in order to remove the false

4 information that Kelley has posted on <grahamhooper.com>.

5     12. Since June 2012, Kelley continued to put up and take

6 down the website <grahamhooper.com> from time-to-time, and

7 continued to attempt to contact and harass Hooper by email and

8 text messages.

9     13. On or about January 13, 2013, Kelley made a further

10 demand in writing to Plaintiff for payment of $10,000 in exchange

11 for taking the <grahamhooper.com> website down.

12     14. On January 18, 2013, Hooper sought and obtained a second

13 TRO to prevent further contact from defendant Kelley and this time

14 perfected personal service of the state court civil TRO on Kelley

15 the following day.

16     15. In publishing the false claim that Plaintiff appeared on

17 the television show "Cheaters", defendant Kelley also makes

18 unauthorized use of trademarks registered to Bobby Goldstein

19 Productions, Inc. and Cheaters II, Ltd., the creators, authors,

20 owners and producers of the television show "Cheaters" and all of

21 its related businesses and marks.

22     16. On or about January 18, 2012, Bobby Goldstein

23 Productions, Inc. demanded in writing that defendant Kelley

24 immediately take down the offending material from the

25 <grahamhooper.com> website and forever cease and desist from any

26 further use or display of the "Cheaters" trade name or logo,

27 demands which defendant Kelley has refused and failed to comply

28 with.

17.   Defendant Kelley registered the Infringing Domain Names with the specific intent to sell the Infringing Domain Names to plaintiff Hooper, or the intent to profit from their use by extorting money from Plaintiff through threats to expose private information, make false accusations, or to impute disgrace, which acts are made criminal by California Penal Code § 518, et sec.

18.   On information and belief, defendants also have made commercial use of the Infringing Domain Name <grahamhooper.com> in the form of pay-per-click advertising fees.

19.   Defendant Kelley registered and maintains the Infringing Domain Names with the malicious intent to harass and intimidate Plaintiff and his family and harm his business reputation. There is no legitimate reason for Kelley to need the Infringing Domain Names, all incorporating Plaintiff's personal legal name.

20.   Defendant Kelley has not made any legitimate noncommercial or fair use of the Infringing Domain Names.

21.   Defendants have not used the Infringing Domain Names in connection with any *bona fide* offering of goods and services.

22.   Defendant Kelley's conduct has caused plaintiff Hooper to lose control over the reputation and goodwill associated with his personal name, both for personal and business purposes, and Hooper has suffered and continues to suffer other immeasurable damages.

23.   For the harm and loss Hooper has suffered and for the harm and loss that will continue absent the intervention of this Court, Plaintiff has no adequate remedy at law. Unless defendants are enjoined from further misuse of the Infringing Domain Names and enjoined from further use of the Graham Hooper name and Graham

1  Hooper mark, Plaintiff will suffer irreparable harm because the

2  damages sustained will be immeasurable, unpredictable, and

3  unending.

4       24.   Defendants' misuse of the Infringing Domain Names is

5  intentional and willful and malicious.

6       25.   All conditions precedent to the bringing of this action

7  have been performed, waived, or excused.

8

9                      FIRST CLAIM FOR RELIEF

10                          CYBERPIRACY

11                       (15 U.S.C. § 8131)

12                    (Against All Defendants)

13       26.   Plaintiff incorporates the allegations in all preceding

14  paragraphs as if fully set forth herein.

15       27.   The Infringing Domain Names consist of the legal name of

16  another living person, specifically that of the plaintiff Graham

17  Hooper.   Defendant Kelley, having never been known as Graham

18  Hooper, has no rights in the Infringing Domain Names.

19       28.   Defendant Kelley registered the Infringing Domain Names

20  without Hooper's knowledge or consent.

21       29.   Defendant Kelley's intent was to register domain names

22  incorporating Hooper's legal name, without his consent, with the

23  specific intent to profit from the domain names by selling them to

24  either plaintiff or a third party and by extorting money from

25  Hooper by misuse of the Infringing Domain Names.

26       30.   Kelley continues to use the Infringing Domain Name with

27  the bad faith and malicious intent to profit from said misuse.

28       31.   Under 15 U.S.C. § 8131(2) Plaintiff is entitled to an

1 | award of injunctive relief, including the forfeiture or

2 | cancellation of the Infringing Domain Names or the transfer of the

3 | Infringing Domain Names to Plaintiff, as well as damages, costs

4 | and attorneys fees.

5 |

6 | SECOND CLAIM FOR RELIEF

7 | CYBERSQUATTING

8 | (15 U.S.C. § 1125(d))

9 | (Against All Defendants)

10 |     73. Plaintiff incorporates the allegations in all preceding

11 | paragraphs as if fully set forth herein.

12 |     74. By registering and using the Infringing Domain Names,

13 | defendant Kelley has registered, trafficked in, and/or used domain

14 | names that are identical or confusing to Plaintiff's personal

15 | legal name, which is protected as a mark under 15 U.S.C. § 1125.

16 |     75. Plaintiff Hooper never authorized defendant Kelley to

17 | use or register the Infringing Domain Names nor did Plaintiff ever

18 | authorize defendant Kelley to use the Graham Hooper name in any

19 | way, shape, or form.

20 |     76. Defendant Kelley has never used the Infringing Domain

21 | Names in connection with any *bona fide* offering of goods or

22 | services nor in any *bona fide* noncommercial or fair use in a

23 | website accessible under the Infringing Domain Names.

24 |     77. Under 15 U.S.C. § 1125(d), Plaintiff is entitled to an

25 | order for the forfeiture or cancellation of the Infringing Domain

26 | Names or the transfer of the Infringing Domain Names to Plaintiff,

27 | in addition to other civil remedies.

28 | / / /

THIRD CLAIM FOR RELIEF

INVASION OF PRIVACY

(Common Law - Publicity Placing Person in

False Light in Public Eye)

(Against All Defendants)

83.   Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

84.   On or about April 22, 2012, defendant Kelley, without plaintiff's consent, invaded Plaintiff's right to privacy by registering and publishing on a website accessible under the Infringing Domain Name <grahamhooper.com> the false claim that Plaintiff had appeared on the television show "Cheaters" and also by publishing the private emails and text messages between Defendant and Plaintiff from the time of their personal relationship.

85.   The statement that is the basis of the false light invasion of privacy is defendants' false claim that Plaintiff was a subject of the syndicated television show "Cheaters" and defendant Kelley's posting on the Internet of the private emails and text messages from the time of her personal relationship with Plaintiff.

86.   The disclosure by defendant Kelley created publicity in the sense of a public disclosure to a large number of people on the Internet through search engines such as Google, Ask, and Bing. Defendant Kelley monitors the website activity and taunts Plaintiff with the number of hits and website visits in an attempt to extort money and to harass Plaintiff.

87.   The publicity created by defendant Kelley placed

Plaintiff in a false light in the public eye in that the story contained false statements that Plaintiff was a subject of or had appeared on the television show "Cheaters."

88.  The publicity created by defendant Kelley was offensive and objectionable to Plaintiff and to a reasonable person of ordinary sensibilities in that it made Plaintiff the object of derision and ridicule.

89.  The publicity created by defendant Kelley was done with malice in that it was made either with knowledge of its falsity or in reckless disregard of its truth because defendant Kelley knew that Plaintiff had not appeared on any such television show.

90.  Up to and including the date of the filing of this complaint, defendant Kelley has failed and refused to remove the offending false statements or to publish a correction or retraction as required by law.

/ / /

/ / /

/ / /

10

# PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

1.   That defendants, their agents, servants, employees, attorneys, and any other persons in active concert or participation with them, be temporarily, preliminarily, and permanently enjoined from:

   a.   registering or trafficking in any domain name containing Plaintiff's legal name or any confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs;

   b.   operating or maintaining any website that includes Plaintiff's legal name, or any confusingly similar variations thereof, alone or in combination with any letters, words, phrases or designs; and

   c.   using Plaintiff's legal name, or any confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs in commerce (including, but not limited to, on any website or within any hidden text or metatags within any website).

2.   That pursuant to 15 U.S.C. § 8131(2) and 15 U.S.C. § 1125(d)(1)(c), the Registrars of the Infringing Domain Names, including Network Solution, GoDaddy.com, and any other domain registrar, be ordered to transfer to Plaintiff all Infringing Domain Names, together with any other domains registered to or by defendants that use Plaintiff's name, or any variation thereof.

3.   That Plaintiffs receive and recover from defendants statutory damages in the amount of $100,000 per domain name, which

11

1  is the maximum allowed by 15 U.S.C. § 1117(d), this maximum amount

2  being supported by defendant's bad faith and malice.

3      4.    That Plaintiff receives and recovers from defendants

4  exemplary and punitive damages to the extent allowable by law;

5      5.    That the Court order defendants to pay Plaintiff's

6  reasonable costs, expenses, and attorneys' fees incurred in

7  prosecuting this action, pursuant to 15 U.S.C. § 1116, 15 U.S.C.

8  8131(2), and 15 U.S.C. § 1117(a).

9      6.    That Plaintiff be awarded pre- and post-judgment

10  interest to the maximum extent allowed by law; and

11      7.    That Plaintiff be awarded such and other further relief

12  to which he may be justly entitled.

13

14

15                          LAW OFFICES OF MARK J. WERKSMAN

16

17  Dated: January 30, 2013

18                          Mark M. Hathaway
                            Attorney for Plaintiff
19                          GRAHAM J. HOOPER

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA



**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV13- 165 AG (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [✓] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>GRAHAM J. HOOPER. an individual | DEFENDANTS<br>CHRISTINE R. KELLEY, an individual, and DOES 1-10, inclusive |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>LAW OFFICES OF MARK J. WERKSMAN<br>888 West Sixth Street, Fourth Floor, Los Angeles, California 90017<br>(213) 688-0460 | Attorneys (If Known)<br>MARK M. HATHAWAY |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:**   JURY DEMAND: ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Cyber Piracy 15 USC 1125

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   SACV13-165

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 1/30/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Mark M. Hathaway, Esq. (SBN 151332)
LAW OFFICES OF MARK J. WERKSMAN
888 West Sixth Street, Fourth Floor
Los Angeles, California 90017
Tel: (213) 688-0460/Fax: (213) 624-1942
E-mail: mhathaway@werksmanlaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

GRAHAM J. HOOPER, an individual,

PLAINTIFF(S)

v.

CHRISTINE R. KELLEY, an individual, and DOES
1-10, inclusive,

DEFENDANT(S).

CASE NUMBER

SACV13-165-AG (JPRx)

SUMMONS

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __24__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Mark M. Hathaway_____, whose address is _888 West Sixth Street, Fourth Floor, Los Angeles, California 90012_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JAN 3 1 2013

MARILYN D

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                              **SUMMONS**