UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0165AG (JPRx) | Date | February 1, 2013 |
|---|---|---|---|
| Title | GRAHAM J. HOOPER v. CHRISTINE R. KELLEY | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

**Proceedings:**     [IN CHAMBERS] ORDER REGARDING EX PARTE APPLICATION

On February 1, 2013, Plaintiff Graham J. Hooper ("Plaintiff") filed an Ex Parte Application ("Application") seeking a temporary restraining order ("TRO") against Defendant Christine R. Kelley ("Defendant"). Plaintiff requests that the Court, among other things, order Defendant to transfer certain domain names to Plaintiff and to not register any domain name containing Plaintiff's legal name or confusingly similar variations thereof. (Application, Dkt. No. 3, at 2-3.) Plaintiff also requests that the Court order Defendant to show cause why a preliminary injunction should not issue. (*Id.* at 3.)

"Ex Parte motions are rarely justified . . . ." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Ex parte relief should only be granted if the evidence shows "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. *Id*; *see also Fuentes v. Shevin*, 407 U.S. 67, 80-82 (1972) (due process requires that affected parties "are entitled to be heard" following "meaningful" notice, except in "extraordinary situations"); *Sniadach v. Family Fin. Corp. of Bay View*, 395 U.S. 337, 339-40 (1969) ("the right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0165AG (JPRx) | Date | February 1, 2013 |
|---|---|---|---|
| Title | GRAHAM J. HOOPER v. CHRISTINE R. KELLEY | | |

This is especially true when the ex parte matter takes the form of a temporary restraining order. The moving party seeking a temporary restraining order must demonstrate a significant threat of irreparable injury. *See Carribean Marine Services Co. v. Baldbridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm . . . a plaintiff must demonstrate immediate threatened injury . . . .").

Here, Plaintiff asserts that Defendant has, among other things, placed false and derogatory information on grahamhooper.com, a domain name owned by Defendant. (Hooper Decl., Dkt. No. 4, ¶ 5.) Plaintiff claims that Defendant has since attempted to extort money from Plaintiff in exchange for taking down the website. (*Id.* ¶ 6.)

But these assertions fail to establish facts sufficient to justify the extraordinary relief of a TRO. Indeed, Plaintiff asserts that he has been aware of Defendant's conduct since at least May 2012 and that Defendant has been putting up and taking down one of the offending websites since then. (Hooper Decl., Dkt. No. 4, ¶ 8.) Plaintiff's delay in filing this Application is inconsistent with the requirement that Plaintiff "be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

## DISPOSITION

The request for a TRO is DENIED. The Court GRANTS the requested order to show cause why a preliminary injunction should not issue. The matter will be heard on February 25, 2013, at 10:00 a.m. Defendant may file an opposition no later than February 11, 2012. Plaintiff may file a Reply to Defendant's Opposition by February 19, 2013.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0165AG (JPRx) | Date | February 1, 2013 |
|---|---|---|---|
| Title | GRAHAM J. HOOPER v. CHRISTINE R. KELLEY | | |